UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | CAUSE NO. 3:10-CR-107(01) RM |
| | ) | |
| JASON SMITH | ) | |

OPINION and ORDER

This matter is before the court on defendant Jason Smith's renewed motion for judgment of acquittal [Doc. No. 51] and motion for new trial [Doc. No. 50]. For the reasons that follow, the court denies the motions.

Jason Smith, already a convicted felon, was arrested after a July 14, 2010 traffic stop and search of his car and person revealed a loaded handgun, crack cocaine, marijuana, and what was thought to be ecstasy. He was charged in a four-count indictment with possession with intent to distribute cocaine base (Count 1) and ecstasy (Count 2) in violation of 21 U.S.C. § 841(a)(1), unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4).

Mr. Smith moved to suppress the evidence seized during the traffic stop, contending that the officer had no probable cause to stop him and that any items seized as a result of the searches that followed violated his Fourth Amendment rights. *Citing* United States v. McDonald, 453 F.3d 958 (7th Cir. 2006). Mr. Smith argued that the officer's stated reasons for stopping the car (partially operating tail

light, questionable window tint, and failure to signal a right turn) weren't unlawful. The court disagreed and denied the motion to suppress following an evidentiary hearing on November 15, 2010 [Doc. No. 21].

The government dismissed Count 2 of the indictment shortly before trial began on January 18, and, on January 19, a jury found Mr. Smith guilty on the three remaining counts [Doc. No. 47].

The court denied Mr. Smith's motion for acquittal at the close of the government's case in chief and his motion for acquittal at the conclusion of the evidence. [Doc. No. 44]. Mr. Smith is now before the court on his renewed motion for acquittal and motion for new trial, asking that the court vacate the jury's verdict and enter a judgment of acquittal, or order a new trial.

Fed. R. Crim. P. 29(c) governs motions for judgment of acquittal made after a jury verdict. A judgment of acquittal should be entered only "if there is insufficient evidence to sustain the jury's findings." Unites States v. Murphy, 406 F.3d 857, 861 (7th Cir. 2005). "[A] trial judge should reverse a jury verdict only if, viewing the evidence in the light most favorable to the prosecution, the record contains no evidence on which a rational jury could have returned a guilty verdict." Id.; *see also* United States v. O'Hara, 301 F.3d 563, 569-570 (7th Cir. 2002); United States v. Duprey, 895 F.2d 303, 310 (7th Cir. 1989). Under Fed. R. Crim. P. 29(d)(1), "[i]f the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new

trial should be granted if the judgment of acquittal is later vacated or reversed . . . [and] must specify the reasons for that determination."

Fed. R. Crim. P. 33 governs motions for new trial, and provides that: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires . . .." Rule 33 motions are to be granted "sparingly and with caution," and only in "exceptional cases." United States v. Reed, 875 F.2d 107, 113 (7th Cir. 1989); *see also* United States v. DePriest, 6 F.3d 1201, 1216 (7th Cir. 1993); United States v. Morales, 902 F.2d 604, 605-606 (7th Cir. 1990.

Mr. Smith's third motion for acquittal is premised on an argument previously raised, considered, and rejected by the court. He contends that the government didn't prove that he committed any offense on July 13, 2010, the date charged in the indictment, and that the court shouldn't allow a "constructive amendment of the indictment." *Citing* United States v. Syme, 376 F.3d 131 (3rd Cir. 2002); United States v. McGee, 506 F.3d 225 (3rd Cir. 2007); United States v. Floresca, 38 F.3d 706 (4th Cir. 1994). As the court noted in ruling on Mr. Smith's previous motions for acquittal, the variance between the date in the indictment, which alleges that the offense occurred "on or about July 13, 2010", and proof that the events actually occurred on July 14, 2010 is immaterial. United States v. Leibowitz, 857 F.2d 373, 378-379 (7th Cir. 1988) ("[W]hen the indictment uses the 'on or about' designation, proof of a date reasonably near to the specified

3

date is sufficient."). The court finds no basis for reconsidering its earlier rulings now.

Mr. Smith argues that he is entitled to a new trial under Fed. R. Crim. P. 33 because the court erred in denying his motion to suppress and in allowing the government to introduce evidence concerning the events of July 14, 2010, when the indictment charged that they occurred on July 13, 2010.

The court previously considered Mr. Smith's arguments, gave detailed reasons for rejecting them on the record in open court on November 15, 2010 and January 19, 2011, and believes that it properly ruled on each of the issues raised. Mr. Smith hasn't presented any new authority or identified any error or circumstance that would warrant reconsideration at this stage of the proceedings or a new trial.

Accordingly, the court DENIES Mr. Smith's renewed motion for acquittal [Doc. No. 51] and motion for new trial [Doc. No. 50].

SO ORDERED.

ENTERED:   February 4, 2011

                                        /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court